DMR

FILED
SUPERIOR COURT
OF GUAM

2013 APR 22 PM 4:32

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

CARLO J. N. BRANCH, )
                                    )
                Plaintiff, )
                                    )
                v. )
                                      )
GUAM ELECTION COMMISSION, JOSEPH )
MESA, MARTHA RUTH, JOHN TAITANO, )
ALICE TAIJERON, JOHN TERLAJE, )
JOSHUA TENORIO, and ROBERT CRUZ, )
                                      )
                Defendants, )
                                      )
                                      )
EDWARD B. CALVO and RAY TENORIO, )
                                      )
                Real Parties in )
                Interest. )
                                      )
                                      )

CIVIL CASE NO. CV0123-11

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 16th day of November, 2012, for hearing on Plaintiff Carlo J. N. Branch's ("Plaintiff's") Motion for Summary Judgment and Defendants Guam Election Commission ("GEC"), Joseph Mesa, Martha Ruth, John Taitano, Alice Taijeron, John Terlaje, Joshua Tenorio, and Robert Cruz's ("Defendants'") and Real Parties in Interest Edward B. Calvo and Ray Tenorio's ("RPIs'") joint Motion to Dismiss. Attorney William Pole represented the Plaintiff, Attorney Cesar C. Cabot represented

the Defendants, and Attorney Michael F. Phillips represented the RPIs. The Court now issues the following Decision and Order on the matters presented.

## I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard for Summary Judgment

Summary judgment is governed by Rule 56 of the Guam Rules of Civil Procedure. Summary judgment is appropriate where the evidence demonstrates that there exists no genuine dispute as to any issue of material fact, and the movant is entitled to judgment as a matter of law. *See Iizuka Corporation v. Kawasho International (Guam), Inc.*, 1997 Guam 10 ¶ 7. The movant – here, the Plaintiff – bears the burden of demonstrating with evidence – that is, with "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" – that no genuine dispute exists as to any issue of material fact. *Id.*

### B. Analysis

Plaintiff's position throughout this litigation, as laid out in his Verified Complaint and other filings, has been that the Defendants failed to provide proper notice of the meetings of the GEC in the period leading up to the 2010 elections, in violation of Guam's Open Government Law, 5 GCA § 8107, and the Americans with Disabilities Act, 42 USC §§ 12101 *et seq.* ("ADA"). While Plaintiff's counsel reiterates these factual allegations in his Motion for Summary Judgment, he provides the Court with no additional factual evidence to substantiate those allegations. Plaintiff's affidavit, submitted with his Motion for Summary Judgment, focuses on establishing standing for his ADA claims. The Court has not been furnished with any additional affidavits, deposition transcripts, written discovery responses, or any other evidence as to the acts or omissions of the Defendants. Plaintiff's counsel submits this case to summary judgment on only the facts alleged in the Verified Complaint.

Defendants filed, with their Opposition, the Affidavit of John Blas, which squarely contradicts the facts Plaintiff alleges in his Verified Complaint. John Blas states in his affidavit that he provided proper notice of each of the meetings of the GEC that Plaintiff alleges were not properly noticed.

These contradictory factual assertions demonstrate the existence of a genuine dispute as to an issue of material fact in this case. The outcome-determinative factual question of what actions the GEC undertook in the course of providing notice of its meetings during the relevant time period remains in vigorous dispute. Summary judgment is not appropriate where a material fact is in dispute. Accordingly, Plaintiff's Motion for Summary Judgment is denied.

## II. DEFENDANTS' AND RPIS' MOTION TO DISMISS

### A. Legal Standard for Dismissal

Motions to dismiss are governed by Rule 12 of the Guam Rules of Civil Procedure. Defendants and RPIs move to dismiss for lack of subject matter jurisdiction under GRCP 12(b)(1), for Plaintiff's failure to state a claim upon which relief could be granted under GRCP 12(b)(6), and for Plaintiff's failure to join indispensable parties under GRCP 12(b)(7). In accordance with the well-established jurisprudence on motions to dismiss, for the purpose of rendering a decision on this motion, the Court presumes the facts alleged in the complaint to be true, drawing all factual inferences in favor of the Plaintiff. *See, e.g., First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9. The Court evaluates whether a claim for which relief could be granted as a matter of law has been stated adequately by the Plaintiff, and evaluates the law without regard to the actual evidence. *Id.* Dismissal is appropriate where the facts, even if they were as Plaintiff asserts, would not form a valid legal basis for Plaintiff's request for relief. *Id.*

Put another way, the question before the court here is the purely legal one of whether the Plaintiff would be entitled to any legal remedy if all of his allegations of improper notice of GEC meetings were true.

**B. Analysis**

1. Subject Matter Jurisdiction

In *Benavente v. Taitano*, 2006 Guam 20 ¶ 10 ("*Benavente* III"), the Supreme Court of Guam held that 3 GCA chapter 12 provides the exclusive statutory remedy for parties seeking to bring election challenges. Defendants argue that although this case is pled under the Open Government Law, this case is actually an election challenge, and should be evaluated under 3 GCA chapter 12. The Court agrees.

Plaintiff's counsel has equivocated as to the nature of the relief sought in this matter. In the prayer for relief in the Verified Complaint, he requests that this Court declare null and void all actions taken by the GEC at the meetings he alleges were improperly noticed. On page 11 of his Motion for Summary Judgment, he states that a decision in Plaintiff's favor would require the GEC to throw out the results of the 2010 election and hold a new election. But on page 3 of the Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment, counsel states that he is not asking that the general election be set aside, and argues that this case does not rise to the level of an election challenge. On page 2 of Plaintiff's Opposition to Defendants' Motion to Dismiss, he states that the remedy he seeks will not void the 2010 elections or require a new election. At oral argument, he seemed to request that the Court order that the improperly noticed meetings be re-noticed and re-held, without clarifying what effect such an exercise would have on the election results.

Though Plaintiff's counsel objects strenuously to Defendants' and RPIs' characterization of this case as an election contest, the Court cannot see that it is anything but that. Even if all he seeks is a revisitation of the certification of the election results by the GEC – and it is by no means clear from counsel's conflicting representations to the Court that this is all he seeks – this litigation remains an attempt to call into question the settled status of the 2010 general election. The Court concludes that Plaintiff's claim is an election contest within the meaning of *Benavente* III, 2006 Guam 20. Thus, it is subject to the requirements of 3 GCA chapter 12.

3 GCA § 12105 requires that any person seeking to bring an election contest must do so within fifteen days after the declaration of the result of the election. Plaintiff, seeking to challenge the 2010 general election whose results were certified on November 6, 2010, was required by 3 GCA § 12105 to file his challenge by November 21, 2010. Plaintiff's counsel filed this action on January 21, 2011, and thus failed to comply with the timing requirement of 3 GCA § 12105. Consequently, this Court lacks subject matter jurisdiction. On these grounds alone, Defendants' and RPIs' Motion to Dismiss could be granted and this case dismissed.

2. Failure to State a Claim

Furthermore, the Court notes a separate and related but independent reason why Plaintiff's claim is legally insufficient. In *Benavente v. Taitano*, 2006 Guam 16 ¶¶ 27-36 ("*Benavente* II"), the Supreme Court of Guam ruled that laws delineating the ministerial duties of election officials should be construed as merely directory, rather than mandatory, where they are offered as a legal basis for upsetting the expressed will of the electorate. While that case interpreted the Guam Elections Law, 3 GCA, its reasoning is sound, and this Court concludes that, to the extent that the Open Government Law and the ADA govern the actions of election

officials, they are within the scope of the holding of *Benavente* II, 2006 Guam 16 ¶¶ 27-36. Accordingly, as this action was brought after the election that it seeks to upset, the Court construes the Open Government Law and the ADA as directory rather than mandatory, and thus concludes that procedural irregularities alleged in the Verified Complaint cannot now justify reexamining the validity of the results of the election.

*Benavente* II, 2006 Guam 16 ¶ 35, allows laws governing election officials to be construed as mandatory in post-election challenges only in cases where violations thereof "would effect an obstruction to the free and intelligent casting of the vote, or an obstruction to the ascertainment of the result, or unless they affect an essential element of the election, or it is expressly declared by Guam law that compliance with the provision [of the law] is essential to the validity of the election." None of these conditions are satisfied in this case. While the Court remains cognizant of the requirement that it draw all inferences in favor of the Plaintiff on this motion to dismiss, this requirement does not compel the Court to read allegations of election fraud, voter suppression, or ballot tampering into a complaint where there are none made.

The Verified Complaint fails to state a claim upon which relief can be granted. On these grounds alone, Defendants' and RPIs' Motion to Dismiss could be granted and this case dismissed.

## 3. Joinder of Indispensable Parties

Having articulated two independent grounds for granting immediate dismissal, the Court need not rule on Defendants' and RPIs' Motion to Dismiss for failure to join indispensable parties, which would result only in a conditional dismissal even if granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' and RPIs' Motion to Dismiss is GRANTED, and this matter is DISMISSED.

**SO ORDERED** this 2nd day of April, 2013.

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam.

APR 2 2 2013

Carl P. Perez
Deputy Clerk, Superior Court of Guam